

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Vincent Tudor
County Attorney
Hale County
Plainview, Texas

Dear Sir:

Opinion No. O-1962
Re: Does Hale County through its
commissioners' court have author-
ity to offer for the discovery
and development of the first
well in the county capable of
producing oil in commercial
quantities the sum of One Hun-
dred Thousand Dollars payable
in warrants of the county?

Your request for an opinion on the above stated
question has been received by this department.

We quote from your statement of facts as fol-
lows:

"FACTS

"Hale County is intermittently the scene
of oil exploration and oil lease activity.
The particular lease agreements do not contain
specific drilling provisions. Steps for the
actual discovery and development of the oil
resources of the county have not been taken,
and there is no reasonable certainty that such
steps will be taken in the immediate future
if the land of the county is permitted to be
completely blocked under this type of lease.
The interests of the county and of its people
are not best being served by the indicated
trend of delay. To stimulate actual discovery
and development of the potential oil resources
the county through its commissioners' court
has under consideration a proposal to offer
for the actual discovery and development of
the first well in the county capable of produc-
ing oil in commercial quantities the sum of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

one hundred thousand dollars payable in war-
rants of the county. By specific definition
and time limitation the offer will be made in
such terms and under such conditions as will
reasonably and adequately effectuate the pur-
pose of the offer. The authority of the com-
missioners' court to make such an offer thus
being involved, the opinion of your office is,
therefore, requested upon the following sub-
ject:

## QUESTION

"Does Hale County, Texas, through its com-
missioners' court have authority to offer for
the discovery and development of the first well
in the county capable of producing oil in com-
mercial quantities the sum of one hundred thou-
sand dollars payable in warrants of the county?

## DISCUSSION

"In the discussion of the question it is
assumed that constitutional and statutory debt
limitation is not involved."

We quote from Texas Jurisprudence, Volume 11,
page 563, as follows:

"Counties, being component parts of the
State, have no powers or duties except those
which are clearly set forth and defined in the
Constitution and statutes. The statutes have
clearly defined the powers, prescribed the
duties, and imposed the liabilities of the
commissioners' court, the medium through which
the different counties act, and from those sta-
tutes must come all the authority vested in the
counties." Edwards County vs. Jennings, 33 SW
585.

"Commissioners' courts are courts of limit-
ed jurisdiction, in that their authority extends
only to matters pertaining to the general welfare
of their respective counties and that their powers

are only those expressly or impliedly conferred
upon them by law, that is, by the Constitution
and statutes of the State."  Sun Vapor Electric
Light Company vs. Keenan, 30 SW 868; Hill County
vs. Hamilton, 273 SW 292; Temple Lumber Company
vs. Commissioners' Court of Sabine County, 239
SW 668; Seward vs. Falls County, 246 SW 728.

We quote from the case of Commissioners' Court
vs. Wallace, 15 SW 2nd 535, as follows:

"The commissioners' court is a creature
of the State Constitution and its powers are
limited and controlled by the Constitution
and the laws as passed by the Legislature."

The last sentence of Article 5, Section 18 of
the Texas Constitution reads:

"The county commissioners so chosen, with
the county judge as presiding officer, shall
compose the county commissioners' court, which
shall exercise such powers and jurisdiction
over all county business, as is conferred by
this Constitution and the laws of the State,
or as may be hereafter prescribed."

We do not think that Section 59a, Article 16 of
the State Constitution authorizes the commissioners' court
to make the expenditures above mentioned.

Article 2351, Vernon's Civil Annotated Statutes,
which specifies the general powers and duties of the com-
missioners' court makes no provisions for the purpose we
have under consideration.

In this connection, we are unable to find any
statute that authorizes the commissioners' court to expend
funds of the county for the discovery and development of
oil wells in a county.

Therefore, you are respectfully advised that it
is the opinion of this department that the commissioners'
court of Hale County does not have the authority to offer

Hon. Vincent Tudor, Page 4

the sum of One Hundred Thousand Dollars or any other
amount for the purposes above indicated.

Trusting that the foregoing fully answers your
inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVEDFEB 15, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE